## John J. Boyd v. Upton H. Brown et al.

1. EQUITY PRACTICE—*Sworn Answers.*—If a sworn answer is called for by the bill and is responsive to its allegations, it must be taken as true unless overcome by evidence amounting in weight to the testimony of two witnesses.

Creditor's Bill.—Appeal from the Circuit Court of Stark County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

ALLEN P. MILLER, attorney for appellant.

M. SHALLENBERGER, attorney for appellees.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was a bill in equity in the nature of a creditor's bill, seeking to set aside a certain conveyance from appellees,

Upton H. Brown and Ellen Brown, his wife, to one Samuel Burge, and also a conveyance by the latter to said Ellen Brown, of certain lands, the title to which had previously been in Upton H. Brown, and to subject such lands to sale under an execution against said Upton H. Brown and in favor of appellant. The bill called for a sworn answer from Upton H. Brown and his wife, Ellen Brown, requiring " that they each set forth and state the facts and circumstances attending the said conveyances, the amount of money actually paid thereon by the said Samuel Burge to said Upton H. Brown, and also the amount of money actually paid by the said Ellen Brown to said Samuel Burge; how the payments were made, and from whence the said Ellen Brown derived the funds with which to make such purchase, and the purpose of said conveyances; and for answer to four interrogatories, viz.:

1st. Who negotiated the transfer of said premises from Upton H. Brown and Ellen, his wife, to said Samuel Burge, and why was such transfer made ?

2d. Was there any actual consideration for such transfer ? If so, state the amount thereof, when and to whom was it paid, and how was it paid, whether in money, or by draft or check.

3d. State why said Samuel Burge and wife conveyed said premises to Ellen Brown, wife of Upton H. Brown, by quit-claim deed, dated and executed and acknowledged nine days prior to the date of the deed from said Upton H. Brown and wife to the said Samuel Burge.

4th. State what consideration, if any, was paid by said Ellen Brown to said Samuel Burge, for the conveyance to her of said premises.. And if you state that she paid an actual consideration for such conveyance, then state the amount, and how paid, whether in money, or by bank draft or check, and state also where, when and from whom she received the money, bank draft or check, with which to pay said Samuel Burge for said premises."

Appellee answered under oath, that all the original purchase price of the land was paid by the wife, Ellen Brown,

out of her separate funds derived from persons other than her husband; that she received from her son, Z. T. Brown, $600 from bounty money paid to him during the war; from her uncle Joshua Brown, $1,650, and from her uncle Benjamin Todd, $500; and that she also received from her said uncle Joshua Brown other sums of money aggregating about $2,000; that out of these sums the entire purchase price of the lands in question was paid, besides which she had expended out of her own funds not less than $1,200 in the improvement of such lands and house thereon; that said Upton H. Brown furnished no money for the purchase of said land, and that the same was conveyed to him by mistake and by not understanding the laws of the State at the time; that said Ellen Brown had always supposed and believed, up to a short time before the making of the conveyances in controversy, that the land was hers, and that she had a good title to it; that said conveyances were not made to defraud complainant or any other person, but were made upon the advice of counsel to place in her the legal title to the land she had bought and paid for. The answers to the special interrogatories were in harmony with the general statements of the answer.

There was a reference to the master to take proofs and report the same with his conclusions of law and fact. No proofs were taken before the master which in any manner contradicted the allegations of the sworn answer.

The master filed his report in which he found against appellees; that the conveyances were fraudulent, and should be decreed null and void, and the complainant be authorized to levy upon and sell the same in satisfaction of his said execution.

Exceptions were filed by appellees to the master's report which were sustained by the court, and a decree was entered dismissing complainant's bill for want of equity; to reverse which an appeal is prosecuted to this court.

The only question for our consideration is, whether or not the sworn answer of appellees, Upton H. Brown and Ellen Brown, are fairly responsive to the allegations of the

bill and the special interrogatories which they were required to answer, because the law is well settled that if a sworn answer is called for by the bill, and is responsive to the allegations thereof, it must be taken as true unless it is overcome by evidence amounting in weight to the testimony of two witnesses.    The authorities in support of this proposition are too numerous to require citation.

A careful examination of the bill and answer satisfies us that the answer was fairly responsive to the allegations of the bill, and went no farther than was required; it thus became evidence in the case, and not being in any manner contradicted or overcome by other evidence the court could not do otherwise than dismiss the bill.

The decree was right and must be affirmed.